United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4035
_____

United States of America,                    *
                                              *
             Appellee,                        *
                                              *    Appeal from the United States
      v.                                      *    District Court for the
                                              *    District of North Dakota.
A.W.L.,                                       *
                                              *
             Appellant.                       *

_____

Submitted: July 7, 1997
Filed: July 16, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, A.W.L.--a minor--appeals the district court's[1] adjudication of him as a juvenile delinquent pursuant to 18 U.S.C. §§ 5031-5042 for knowingly engaging in sexual acts with a child under the age of 12 while in Indian country, in violation of 18 U.S.C. §§ 2241(c) and 1153. On appeal A.W.L. argues he is not an "Indian" under section 1153, and therefore not subject to federal jurisdiction.

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

Evidence adduced at the adjudication hearing established that although A.W.L. was not an enrolled member of the Tribe at the time of the offenses, he has 15/32 Indian blood; he held himself out to be Indian; he lived on the reservation all of his life, attending reservation schools and receiving benefits of BIA schools; he was removed from the Tribe's enrollment only pending clarification of his paternity; and both of his parents--with whom he lives--live and are respected as Indians. Our de novo review of the relevant factors, see United States v. Lawrence, 51 F.3d 150, 151-52 (8th Cir. 1995) (standard of review; factors considered), leads us to the conclusion that A.W.L. is an "Indian" for purposes of section 1153. See United States v. Keys, 103 F.3d 758, 761 (9th Cir. 1996) (tribal enrollment not sole means of proving status as Indian); United States v. Broncheau, 597 F.2d 1260, 1263 (9th Cir.) (noting "[e]nrollment is the common evidentiary means of establishing Indian status, but it is not the only means nor is it necessarily determinative"), cert. denied, 444 U.S. 859 (1979); United States v. Dodge, 538 F.2d 770, 786 (8th Cir. 1976) (finding defendants who held themselves out to be Indians and who were of Indian blood to be Indians for purposes of § 1153), cert. denied, 429 U.S. 1099 (1977).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-